UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-60841-STRAUSS

**NIHAL MICHAEL GAUTAM,**

    Plaintiff,

v.

**CITY OF SUNRISE,** *et al.***,**

    Defendants.

_____/

## ORDER

THIS MATTER came before the Court upon *pro se* Plaintiff's Motion to proceed *In Forma Pauperis* ("Motion"). [DE 3]. Plaintiff's Motion is insufficient for several reasons more fully explained below. Additionally, Plaintiff's Complaint contains several deficiencies which require Plaintiff to file an amended complaint. Therefore, Plaintiff's motion is **denied without prejudice**. If Plaintiff wishes to proceed *in forma pauperis*, then Plaintiff may renew his motion by refiling this District's *in forma pauperis* application along with filing an amended complaint that addresses the deficiencies described below.

## BACKGROUND

Plaintiff filed his Complaint against Defendants on April 29, 2025. [DE 1]. He purports to bring a 42 U.S.C. § 1983 civil rights claim, a Florida Public Records Act claim, a RICO claim under 18 U.S.C. § 1961, an abuse of process claim, and an intentional infliction of emotional distress claim. *Id.* at 3.[1] Plaintiff alleges that he "was arrested without probable cause and physically mistreated," and "[o]fficers took his child and dogs, erased booking details, and denied

---

[1] Though Plaintiff lists five causes of action in his Complaint, his Civil Cover Sheet only checks one box, Racketeer Influenced and Corrupt Organizations. [DE 1–1] at 1.

access to public records for 45+ days." [DE 1] at 2.  Plaintiff further alleges that his public records request from March 2025 remains unanswered, there is "[i]nternal misconduct covered up," and there is a "[p]attern of racketeering include[ing] civil asset forfeiture abuse, pension fraud, suppression of IA reports, and retaliation." *Id.* at 3.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security.  28 U.S.C. § 1915(a)(1).  The granting of a motion to proceed *in forma pauperis* is discretionary.  *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983).  "When considering a motion filed under Section 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'"  *Raftery v. Vt. Student Assistance Corp.*, 2016 WL 11579801, at *1 (M.D. Fla. Feb. 17, 2016) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004)).  "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."  *Martinez*, 364 F.3d at 1307.  "The Department of Health and Human Services (HHS) poverty guidelines[2] are central to an assessment of an applicant's poverty."  *Ryan v. Comm'r of Soc. Sec.*, No. 16-CV-61716, 2016 WL 10953761, at *1 (S.D. Fla. July 20, 2016) (citations omitted).  A plaintiff, however, need not be "absolutely destitute."  *Martinez*, 364 F.3d at 1307.  Indeed, the court must compare "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement."  *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014).

---

[2] *See* HHS Poverty Guidelines for 2025, available at https://aspe.hhs.gov/poverty-guidelines.

Additionally, under 28 U.S.C. § 1915, if a court determines that the case is frivolous or fails to state a claim on which relief may be granted, then the court "shall dismiss the case at any time." 28 U.S.C. § 1915(e). Although Federal Rule of Civil Procedure 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a plaintiff is proceeding *pro se*, the Court must liberally construe the *pro se* pleadings and hold them to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

## **ANALYSIS**

Plaintiff's Motion is deficient for several reasons. First, Plaintiff fails to list any of his assets. *See* [DE 3] at 2. Second, Plaintiff fails to list "[a]ny housing, transportation, utilities, or loan payments, or other regular monthly expenses." *Id.* Finally, Plaintiff fails to list "[a]ny debts or financial obligations" he has. *Id.* Instead, Plaintiff drew a checkmark or a line on each of the above questions. *Id.* Without answers to these questions (i.e., what Plaintiff's assets and liabilities are), the Court cannot determine whether Plaintiff is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents (if any).

As to Plaintiff's Complaint, Plaintiff fails to adequately allege any specific facts from which the Court could reasonably infer Plaintiff has stated plausible claims or that would give Defendants reasonable notice of what those claims are. Plaintiff does not comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 10. According to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Rule 10 further expands on pleading requirements and requires the pleader to state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Here, Plaintiff's Complaint contains eight "factual allegations." *See* [DE 1] at 2–3. They are as follows:

1. Plaintiff was arrested without probable cause and physically mistreated.

2. Officers took his child and dogs, erased booking details, and denied access to public records for 45+ days.

3. Public records requests from March 2025 remain unanswered.

4. Discovery of DROP pension abuse:

   Officers "retire" quietly after abuse
   Reinstated while drawing pensions + DROP lump sums
   Internal misconduct covered up

5. Officer Rachel Howe stood against the corruption, risking her job and safety. Her teammate is now missing from department records.

6. A known officer allegedly choked a female inside the station. No accountability followed.

7. Pattern of racketeering includes civil asset forfeiture abuse, pension fraud, suppression of IA reports, and retaliation.

8. Same department responsible for Kevin Desir's in-custody death.

*Id.* Plaintiff does not allege when he was arrested, what the stated reason was for his arrest, or how he was physically mistreated. He does not allege when, and under what circumstances, his child and dogs were taken, nor what public records he is even seeking. Moreover, Plaintiff does not allege which facts go to which defendant (i.e., which facts pertain to the City of Sunrise, which facts pertain to the officers, and which facts pertain to the Sunrise Police Department). Nor does Plaintiff specify which facts pertain to each claim he brings. Indeed, Plaintiff does not list any specific facts for any of his five claims. Without providing any of this information or alleging these facts, Defendants lack adequate notice of the grounds upon which Plaintiff's claims rest, against whom, and if the claims are even plausible. *See Twombly*, 550 U.S. at 555, 570.

Lastly, Plaintiff has failed to provide the Court with his mailing address in contravention of several rules and administrative orders. For example, Local Rule 11.1 states:

> [A]ny party appearing pro se shall maintain current contact information with the Clerk of Court. Each attorney shall update contact information including e-mail address within seven (7) days of a change. A party appearing pro se shall conventionally file a Notice of Current Address with updated contact information within seven (7) days of a change. The failure to comply shall not constitute grounds for relief from deadlines imposed by Rule or by the Court. All Court Orders and Notices will be deemed to be appropriately served if directed either electronically or by conventional mail consistent with information on file with the Clerk of Court

S.D. Fla. L.R. 11.1(g); *see also* S.D. Fla. Admin. Order 2005–38 ("[A]ll . . . parties appearing pro se [shall] provide the Court with accurate contact information at the time of first appearance, and case-specific notice in writing within five days of any change in contact information."); CM/ECF Nextgen Administrative Procedures, Southern District of Florida, Section 3D ("Users shall maintain current contact information."). Because Plaintiff has not provided the Clerk of Court or this Court with his mailing address, the Court cannot send Plaintiff a hardcopy of this Order (or

5

any future orders). Instead, it is Plaintiff's responsibility to review the docket in all matters pending before the Court for which appearance has been filed.

## CONCLUSION

Plaintiff did not properly fill out the Court's *in forma pauperis* application form and his Complaint contains a myriad of deficiencies. Therefore, it is **ORDERED and ADJUDGED** that Plaintiff's Motion [DE 3] is **DENIED without prejudice.** For the reasons discussed above, Plaintiff shall provide the Clerk of Court with his current mailing address, file a renewed motion to proceed *in forma pauperis*, and file an amended complaint by **May 23, 2025**.[3] That amended complaint must cure the deficiencies addressed in this Order. Failure to do so will result in dismissal of Plaintiff's case.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 2nd day of May 2025.

Jared M. Strauss
United States Magistrate Judge

---

[3] "Our cases make clear that 'a [pro se] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'—at least, that is, where 'a more carefully drafted complaint might state a claim.'" *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (quoting *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)) (alteration in original).