UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-60841-STRAUSS

**NIHAL MICHAEL GAUTAM,**

    Plaintiff,
v.

**CITY OF SUNRISE,** *et al.***,**

    Defendants.
_____/

## DISCOVERY ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Compel Discovery and Preservation of Evidence ("Motion"). [DE 35]. I have reviewed the Motion, Defendants' Response thereto, and all pertinent portions of the record.[1] For the reasons stated below, it is **ORDERED** and **ADJUDGED** that the Motion is **DENIED without prejudice.**

Plaintiff seeks to compel "the production of discovery material previously requested" from Defendants. [DE 35] at 1. Specifically, Plaintiff argues that he has "issued multiple discovery and public records requests (both formal and informal)" where he sought "Complete body-worn camera (BWC) footage for all officers present during the March 6, 2025 arrest," "Full unredacted CAD logs and dispatch records," "Officer roster and assignments for the incident, Internal communications (email, text, radio) between involved officers and supervisors," "Disciplinary, personnel, and IA records for Sgt. Cason, Lt. West, Bradford Jones, Officer Lopez, and others," and "Retirement status, DROP enrollment, and/or reemployment agreements for officers

---

[1] Plaintiff has not filed a reply to the Motion and the time to do so has long passed.

concealed from official records." *Id.* at 2. Plaintiff also requests that Defendants "[c]ertify in writing that all materials have been preserved in full and not altered post-incident." *Id.* at 3.

Defendants argue that Plaintiff has not propounded any discovery requests pursuant to Federal Rules of Civil Procedure 33, 34, or 36. [DE 36] at 1. Instead, Defendants state that Plaintiff has, prior to filing suit, "requested a voluminous number of records, for which he was invoiced at the usual public records rates allowed by state law, but did not satisfy those charges." *Id.* Plaintiff has not refuted these arguments, thus essentially conceding that his motion does not relate to discovery requests propounded pursuant to the Federal Rules of Civil Procedure.[2] In fact, he admits that he has made "informal requests." [DE 35] at 2. Moreover, the allegations in his Second Amended Complaint referring to his underlying criminal proceedings and prior public records requests, [DE 13] ¶¶ 32–50, 86–91, are consistent with the notion that Plaintiff's Motion is actually seeking compliance with discovery requests either made in other proceedings or through avenues other than the Federal Rules as applicable to this case. Any discovery request made in Plaintiff's state criminal action is separate and apart from the current proceedings in this litigation (even if they are related). Likewise, submitting a public records request is not the same as propounding discovery under the Federal Rules of Civil Procedure.

This Court cannot compel discovery (using the Federal Rules of Civil Procedure) that was requested in another proceeding or otherwise demanded outside of the Federal Rules of Civil

---

[2] *See Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.") (quoting *Kramer v. Gwinnett County, Georgia*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) (alteration in original)); *see also Ewing v. Carnival Corp.*, No. 19-20264-CIV, 2023 WL 2524530, at *3 (S.D. Fla. Mar. 15, 2023) ("A party's failure to meaningfully respond to the opposing party's responsive counterarguments constitutes a concession of the counterargument's persuasiveness."); *Guzman v. City of Hialeah*, No. 15-23985-CIV, 2016 WL 3763055, at *3 (S.D. Fla. July 14, 2016) ("A plaintiff who, in her responsive brief, fails to address her obligation to object to a point raised by the defendant implicitly concedes that point.").

Procedure themselves. As Plaintiff has not shown in his Motion that he, pursuant to the Federal Rules of Civil Procedure, has propounded any discovery requests upon Defendants, his Motion to compel is due to be denied. Nor does Plaintiff provide any authority as to why the Court should enter an order requiring Defendants to "[c]ertify in writing that all materials have been preserved in full and not altered post-incident." *See* S.D. Fla. L.R. 7.1(a)(1) ("Every motion when filed and served shall incorporate a memorandum of law citing supporting authorities . . . ."). Thus, this aspect of Plaintiff's Motion is due to be denied as well.

Moving forward, Plaintiff is warned that all future discovery requests shall be made in compliance with the Federal Rules of Civil Procedure. Specifically, Plaintiff must comply with Federal Rule of Civil Procedure 26(b) which states that "[p]arties may obtain discovery regarding any nonprivileged matter that is **relevant to any party's claim** or defense and **proportional to the needs of the case**." Fed. R. Civ. P. 26(b)(1) (emphasis added). In making any new discovery requests, Plaintiff must also consider this Court's most recent Order [DE 40] dismissing several of his claims against Defendants and tailor his requests to information that is relevant and proportional to the claims that remain. In other words, Plaintiff should not seek discovery relating to the claims that this Court dismissed (especially ones that the Court dismissed with prejudice).

Finally, the parties are reminded that before seeking Court intervention for a discovery dispute, they are required to meaningfully confer by actually speaking to one another (in person or via telephone) and engage in a genuine effort to resolve the discovery dispute. Conferring via email or text message is not sufficient. Furthermore, for all future discovery disputes, the parties shall comply with this Court's Discovery Procedures Order (which is being entered concurrently with this Order).

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 26th day of August 2025.



Jared M. Strauss
United States Magistrate Judge