UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-60841

NIHAL MICHAEL GAUTAM,

     Plaintiff,

Vs.

CITY OF SUNRISE, FLORIDA;
ANTHONY ROSA, MICHAEL WEST,
CHRISTOPHER PULLEASE, MAURICE
LAWRENCE, CARLOS LOPEZ,
TERRELL BUSH, DELTAMUS CASON,
BRADFORD JONES, SEAN VISNERS,
BROOKE LEBEL, RICHARD WHITE,
and FELICIA BRAVO,

     Defendants.

_____/

## **DEFENDANT, CITY OF SUNRISE'S MOTION TO DISMISS THIRD AMENDED COMPLAINT**

Defendant, CITY OF SUNRISE, by and through its undersigned counsel, pursuant to Rule 12(b)(6), *Fla.R.Civ.P.*, and §768.28(6), *Fla. Stat.,* moves to dismiss this action, and states in support as follows:

## **INTRODUCTION**

Plaintiff, an individual recently adjudicated guilty and convicted of a prescription drug crime under §499.03, *Fla. Stat.*, now pursues his personal vendetta against law enforcement over his domestic violence arrest. While the introduction of evidence is premature at this juncture, what occurred is that during an argument with the mother of his child[1] ("victim") that evening in her

---

[1] While Plaintiff refers **to the child as his in his pleading**, Plaintiff filed an action in Broward County on July 26, 2025 to disestablish paternity from his child with the alleged victim in this case, Stephanie Decker, in Broward Case FMCE25-013607.

home (not his), Plaintiff (according to the victim, Stephanie Decker) punched and bit her, and then broke her desk and television.  Decker called for police, and gave a statement recorded on body worn camera clearly and unequivocally showing the damage done to her home and where she was bitten, which at the appropriate time will make this case one of the easily granted summary judgment motions fathomable.  *Huebner v. Bradshaw*, 935 F.3d 1183 (11th Cir. 2019)(battery arrest lawful where probable cause established by nothing more than victim report of having been offensively touched).

For now, the Defendant, CITY OF SUNRISE, seeks dismissal of Plaintiff's claims against it because Plaintiff has not framed a cognizable claim for relief against the City under *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978), or an action for injunction.

## A.  FEDERAL LIABILITY AGAINST THE CITY OF SUNRISE

### 1.  Plaintiff's Third Amended Complaint Does not Support a Basis for §1983 Liability.

A municipality cannot be sued under §1983 because it employs a tortfeasor - or in other words, a municipality cannot be held liable under §1983 on a *respondeat superior* theory.  *Monell v. Dept. of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L. ED.2D 611 (1978).  Instead, a municipality may be held liable for the actions of its employee only when the municipality's official policy was the "moving force" of the constitutional violation.  *Id.  Monell* allows the imposition of government liability not only when the challenged conduct executes or implements a formal adopted policy, but also when the conduct reflects practices of government officials so as to become a custom.  *Monell* 436 U.S. at 691.

In order to prove §1983 liability against a municipality based on "custom," a plaintiff must establish a widespread practice that "although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law."

*Brown v. City of Ft. Lauderdale*, 923 F.2d 1474, 1481, (11th Cir. 1991), *citing, City of St. Louis v. Praprotnick*, 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed. 2d 107 (1988).  Random acts or isolated incidents are normally insufficient to establish a custom or policy.   *Depew v. City of St. Mary's*, 787 F.2d 1496, 1499 (11th Cir. 1986); *Whitaker v. Miami-Dade County*, 126 F.Supp.3d 1313, 1322 (S.D. Fla. 2015); *Torres-Bonilla v. City of Sweetwater*, 805 Fed. Appx. 839 (11th Cir. 2020).  It is not enough for a §1983 plaintiff merely to identify conduct properly attributed to the municipality, the plaintiff must also demonstrate that, through its <u>deliberate</u> conduct, the municipality was moving the force behind the injury alleged.  *Bd.  Of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 405, 117 S.Ct. 1382, 137 L.Ed 2d 626 (1996).  A plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a ***direct causal link*** between municipal action and the deprivation of federal rights.  *Bryan County,* 520 U.S. at 404.

Where a plaintiff claims that the municipality had not directly inflicted an injury, but nonetheless caused an employee to do so, "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Bryan County,* 520 U.S. at 405.  Proof of a single isolated incident of misconduct by a municipal employee is insufficient to infer municipal policy or custom for a §1983 action. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-824, 85 L.Ed. 2d 791, 105 S.Ct. 2427 (1985); *Shehada v. Tavvs*, 965 F.Supp.2d 1358, 1374 (S.D. Fla. 2013)(prior incidents also must involve facts substantially similar to those at hand); *Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11th Cir. 2005)(same).

The Third Amended Complaint here does nothing more than assert a conclusory laundry list of other claimed "failures" and "deficiencies" purportedly forming the basis for a section 1983 claim.  These allegations do <u>not</u> establish any purported constitutional violation under 42 U.S.C.

§ 1983. *Young v. Miami-Dade Cnty.*, 2020 WL 2110012, at \*5 (S.D. Fla. Apr. 21, 2020) (Altonaga, C.) ("Plaintiff may not, as he did in his Complaint, simply allege a host of detailed factual allegations, while reciting a laundry list of violations, without tying those allegations to any particular Constitutional theory or County policy").

When seeking to hold a municipality liable under *Monell*, the plaintiff must be able to demonstrate not just alleged prior constitutional violations, but also a patten of similar constitutional violations. *Heath v. Miami-Dade County*, 736 F.Supp.3d 1149, 1162 (S.D. Fla. 2024)(Ruiz, J.). It must be of the same type such that it can be said that the policy was the moving force behind the violation at issue. *Grech v. Clayton Cty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003). For if a Court simply accepted that a custom and policy moved a violation because of dissimilar alleged violations, it would not be imposing the rigorous *Monell* standards the Eleventh Circuit requires. Here, Plaintiff alleges that he was subjected to a domestic violence arrest without probable cause and that handcuffs were too tight. *See*, Third Amended Complaint, *generally.* Uncomfortable handcuffing is not generally recognized as a stand-alone force claim because it is subsumed within a false arrest claim because it does not rise to the level of a discrete Fourth Amendment violation. See, e.g., *Williamson v. Mills*, 65 F.3d 155 (11th Cir. 1995)(reasonable force during an unlawful arrest subsumed into false arrest claim); *Nolin v. Isbell*, 207 F.3d 1253 (11th Cir. 2000)(force used during law enforcement officer's arrest of individual, including painful handcuffing, was not excessive); *Gold v. City of Miami*, 121 F.3d 1442, 1446-47 (11th Cir. 1997)(pain and skin abrasions from handcuffs reflected a minimal amount of force); *Sebastian v. Ortiz*, 918 F.3d 1301, 1312 (11th Cir. 2019)(only the most exceptional circumstances permit a finding of excessive force based upon handcuffing). Here, Plaintiff alleges nothing more than he was in pain, but not any actual diagnosable injury from the handcuffing.

More importantly, the prior incidents and issues Plaintiff seeks to establish a custom and policy are simply too remote and dissimilar to support a *Monell* custom and policy theory. *Guzman v. City of Hialeah*, No. 15-cv-23985, 2017 WL 4324632 *1 (S.D. Fla., September 29, 2017)("The incidents cited by Plaintiff are too remote and dissimilar to plausibly establish that the City maintained a wide-spread practice or custom of allowing its police officers to engage in excessive force."). Turning back to the allegations, Plaintiff cites to no prior instance or case where Sunrise officers made an unlawful domestic violence arrest based upon nothing more than a victim statement. Nor does he cite a single instance where Sunrise officers used tight handcuffing as a means to inflict excessive force upon an arrestee. He instead cites to a 2021 incident where Officer Pullease (who was arrested by Sunrise and charged by the State Attorney) committed a battery upon a fellow officer, not an arrestee, after merely pointing pepper spray at a suspect.[2] DE 45, ¶¶32-36. He then claims that there was an audit of a forfeiture program, which obviously has no relation to false domestic violence arrests or excessive force by handcuffing. DE 45, ¶¶38-43. Plaintiff then travels all the way back to 2005 when Anthony Diotauito was fatally shot during a drug raid.[3] In that case, *Whittier v. City of Sunrise*, No. 07-60476-cv-Dimitrouleas, the City **prevailed on summary judgment**, and the individual defendants were all afforded qualified immunity. DE 305 in Case No. 07-60476 (S.D. Fla., December 2, 2009). Thus, there was no underlying constitutional violation found in that action, let alone one which could have been the moving force behind the alleged deprivations at issue here. The instant case also has no relation to alleged "paramilitary SWAT tactics." Nor does use of a Taser on a suspect that drowned. In that case as well, the City obtained a full summary judgment. See DE 49 in *Waters v. City of*

---

[2] Incidentally, merely pointing but not discharging pepper spray is not excessive force.

[3] Undersigned counsel for the City in this case was also counsel of record for the *Whittier* lawsuit almost 20 years ago.

*Sunrise,* No. 62542-cv-Bloom (S.D. Fla., January 6, 2023)(at p.19, no evidence of prior similar foot pursuits resulting in injury grounds for summary judgment on *Monell* claim). ***Here, there are not even allegations of prior similar occurrences.*** Plaintiff then seeks to establish liability based upon the Tyler Harper matter, where the City did not arrest or use any force, but instead elected not to make an arrest. DE 45, ¶¶58-63. The remaining allegations become even more disassociated with the type of event at issue, including a Lieutenant mounting an antique fire alarm bell (DE 45, ¶64) and Stingray cell-site simulators (DE 45, ¶70). Lastly, Plaintiff cites to the death of a friend that died in custody, but alleges this to be the fault of the Broward Sheriff's Office, not the City of Sunrise. (DE 45, ¶¶82-84). The Desir matter is of no consequence or relevance to this case, and the continued reference to it is puzzling.

In effect, in an effort to show that these officers were moved to complete a domestic violence arrest (alleged to be false) and apply tight handcuffing pursuant to a custom and policy of the City, Plaintiff has done no more than access public records and cite to past filed cases where the ***City of Sunrise prevailed*** on all claims. As it relates to pleading a proper claim here, that is tantamount to self-sabotage where the City was not found liable in any of those prior instances. If Plaintiff could cite to a string of cases of false domestic violence arrests and excessive force by handcuffing where the ***City was found liable and then took no action to correct officers***, he could then be on the road to pleading a proper *Monell* claim. He has not done so here, however. In fact, he has accomplished the opposite ends.

### 2. No Unconstitutional Custom or Policy is Alleged.

Again, the City can only be liable under § 1983 "when execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent

official policy, inflicts the injury of which Plaintiff complains." *Monell,* 436 U.S. at 691 (cleaned up).

To establish the City's § 1983 liability based on a "custom," Plaintiff must allege facts establishing an unconstitutional practice so widespread that, "although not authorized by written law or express municipal policy," it is "so permanent and well settled as to constitute a custom or usage with the force of law." *Brown v. City of Fort Lauderdale*, 923 F. 2d 1474, 1481 (11th Cir. 1991). Likewise, the allegations must reflect a practice so "long-standing and widespread" that it can be "deemed authorized by the policy-making officials because they must have known about it but failed to stop it." *Id.* A failure to prevent an isolated incident, however, cannot be deemed tacit approval. *Depew v. City of St. Mary's*, 787 F. 2d 1496, 1499 (11th Cir. 1986) ("Random or isolated incidents are insufficient to establish a custom or policy"); see also *Owaki v. City of Miami*, 491 F. Supp. 2d 1140, 1158 (S.D. Fla. 2007).

Dispositively, the Third Amended Complaint does not cite to a ***single other incident similar to Plaintiff's incident*** involving a person being falsely arrested or subjected to excessive force, generally. That omission warrants dismissal of the attempted section 1983 action against the City.  See, e.g., *Cluff v. Miami-Dade Cnty.*, 2022 WL 700971, at *4 (S.D. Fla. Feb. 1, 2022) (dismissing 1983 claim against the municipal defendant with prejudice and stating that "Plaintiffs cannot manufacture a County or Miami-Dade Fire custom based on broad-sweeping conclusory statements without citation to any supporting documents or other specific examples indicative of such a custom."); see also *Casado v. Miami-Dade Cnty.*, 340 F. Supp. 3d 1320, 1328 (S.D. Fla. 2018) ("The plaintiff must allege a pattern of excessive force including specific facts of numerous incidents. To establish a pattern, the plaintiff must show other incidents involving facts substantially similar to the case at hand.").

In the end, Plaintiff has proffered <u>no</u> facts which would establish that any City policy or custom was the "moving force" behind Plaintiff's purported constitutional deprivations as required by *Monell*, supra; see also *Whitaker v. Miami-Dade Cnty.*, 126 F. Supp. 3d 1313, 1323 (S.D. Fla. 2015) (dismissing complaint for failure to state a claim for an unofficial County policy under 42 U.S.C. § 1983); *Barnes v. Miami-Dade Cnty.*, 2014 WL 12851971, at *7 (S.D. Fla. Mar. 12, 2014) ("The [First Amended Complaint's] vague and conclusory allegations are insufficient to state a claim for 'unofficial policy' municipal liability"); *Perez v. Metro. Dade Cnty*, 2006 WL 4056997, at *2 (S.D. Fla. Apr. 28, 2006) (The simple mention of "policy and/or custom" is not enough, for a plaintiff must do something more than simply allege that such an official policy exists) (cleaned up). Count IV should be dismissed.

### B. NO BASIS EXISTS TO GRANT DECLARATORY RELIEF

This is an action for money damages alleging Fourth Amendment violations, along with state tort claims that are improperly asserted. In Count V, Plaintiff seeks Injunctive Relief against all remaining Defendants. Plaintiff is not enduring any ongoing deprivation since the arrest and force he challenges are not ongoing. Moreover, Plaintiff has not established: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered if relief is not granted; (3) that threatened injury outweighs harm relief would inflict on the non-movant; or that (4) entry of relief would serve the public interest. Quite to the contrary, as stated above, his allegations show the absence of liability.

This morass of nonsensical claims and contentions, boiled to its essence, should be nothing more than a simple 3-Count claim under the Fourth Amendment challenging the arrest and force, and failure to intervene, limited to those officers who Plaintiff can reasonably assert violated his rights. Plainly here, Plaintiff has not, and cannot establish an "immediate threat of future injury"

from this Defendant and, as such, a claim for injunctive relief must fail. *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994). Indeed, the vast majority of the allegations in paragraph 148 are not even constitutional violations or bear no relation to this case at all, such as whistleblower retaliation, pension abuse, public records obstruction and muting of cameras. For these reasons, and those already cited by the Court in its prior Order DE 40, pp. 23-24, this claim may not properly stand. *Thomas v. Bryant*, 614 F.3d 1288, 1318 (11th Cir. 2010)(no showing of a serious risk of continuing irreparable injury).

Based upon the foregoing, the City of Sunrise should be dismissed from this action.

## CERTIFICATE OF SERVICE

I CERTIFY that on this 3rd day of September, 2025, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non-CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

/s/ Scott D. Alexander
Scott D. Alexander
Florida Bar No: 057207
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendants**
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone: (954) 463-0100
Facsimile: (954) 463-2444
alexander@jambg.com
cintron@jambg.com andrews@jambg.com

## SERVICE LIST

**NIHAL MICHAEL GAUTAM,** *Pro Se*
840 SW 6th Street
Hallandale, FL 33009
Tel: 347.753.0490
Nihalg5555@gmail.com
admin@sunnybenefits.me

---

*Counsel for Defendants*
**SCOTT D. ALEXANDER, ESQ. (057207)**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
2455 East Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
Tel: 954.463.0100
Fax: 954.463.2444
alexander@jambg.com
Cintron@jambg.com Andrews@jambg.com