## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:25-cv-60841-JMS

**NIHAL MICHAEL GAUTAM,**
Plaintiff,
v.
**CITY OF SUNRISE, FLORIDA, et al.,**
Defendants.

_____/



FILED BY _____ D.C.

MAR 3 0 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## PLAINTIFF'S NOTICE OF FILING SUPPORTING EXHIBITS IN SUPPORT OF DE 68 AND DE 71

Plaintiff, Nihal Michael Gautam, files the following supporting exhibits in support of DE 68 and DE 71. These materials do not raise new disputes. They summarize, organize, and support the discovery issues already timely raised and the narrow extension request already before the Court.

These exhibits are submitted for the Court's convenience so that the live disputes can be reviewed in a short, organized form alongside the fuller backup record.

### SUPPORTING EXHIBITS

- Exhibit A: Court Version – Top 12 Discovery Contradictions. A short court-facing matrix summarizing the principal discovery contradictions, supplementation failures, why those issues matter, and the specific narrow relief sought.

- Exhibit B: Master Discovery Matrix. A fuller matrix organizing the live discovery issues, defense positions, contradicting records, the reason the issues matter, and the requested narrow relief.

- Exhibit C: Plaintiff's Conferral and Supplemental Identification Email Chain (Feb. 24 & Mar. 18–19, 2026). This exhibit documents Plaintiff's efforts to provide defense counsel with representative stills and clips concerning the unresolved officer-identification issue, to seek supplementation and clarification without motion practice, to confer regarding a limited extension of discovery, and to memorialize Defendants' final conferral positions after the March 19, 2026 telephone conference, including the absence of any meaningful cure.

Plaintiff respectfully requests that the Court consider these supporting exhibits together with DE 68 and DE 71.

Dated: March 25, 2026

*Respectfully submitted,*

1

/s/ Nihal Michael Gautam

NIHAL MICHAEL GAUTAM

Plaintiff, Pro Se

840 SW 6th Street

Hallandale, FL 33009

954-489-8883

nihalg5555@gmail.com

admin@sunnybenefits.me

## CERTIFICATE OF SERVICE

I certify that on March 25, 2026, a true and correct copy of the foregoing was served on counsel of record by the same method used for Plaintiff's other filings in this action.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:25-cv-60841-JMS**

**NIHAL MICHAEL GAUTAM,**
Plaintiff,

v.

**CITY OF SUNRISE, FLORIDA, et al.,**
Defendants.

# EXHIBIT A

## Court Version – Top 12 Discovery Contradictions

Judge-facing summary of the strongest, cleanest discovery contradictions
and supplementation failures referenced in DE 68 and DE 71.

## Court Version - Top 12 Discovery Contradictions

*Judge-facing summary built from the strongest, cleanest contradictions and supplementation failures*

Use: concise issue statement + exact defense position + the specific record that contradicts or exposes the answer as incomplete.

| # | Issue | Discovery Request | Defendants' Position / Response | Contradicting Record | What Changed / Problem | Relief Sought |
|---|-------|-------------------|-------------------------------|---------------------|----------------------|---------------|
| 1 | Huggard listed as present, then withdrawn | Interrogatory No. 2 / Rule 26(e) | Oct. 30 and Nov. 3 answers listed Huggard as "also on scene." | Huggard deposition + Alexander 2/16/26 email: Huggard "was dispatched initially, but did not arrive on scene." | A sworn officer-presence answer was materially wrong, then informally walked back. No clean corrected verified supplement followed. | Compel corrected verified supplementation; fees if warranted |
| 2 | Jones role appeared later and on a non-CAD basis | Interrogatories No. 2 and 4 | Oct. 30 answer listed "Bradford" with no role. Nov. 3 answer added: "Officer Bradford Jones was supervising Officer Lawrence in a Field Training Officer capacity." | 2/16/26 email: source was "CAD and reports"; Jones was included because he was Lawrence's FTO and would not be expected to appear on CAD. Jones also appears in produced footage/audit records. | Jones was not just a CAD entry. The role and source basis changed over time without a clean supplementation trail. | Compel source-by-source identification and corrected verified officer-role supplement |
| 3 | Officer-identification inquiry disclaimed BWC and recollections | Rule 26(e) supplementation re Interrogatory No. 2 | 2/16/26 email: sources were "CAD and reports." Asked whether BWC, supervisory review, recollections, or other materials were used: "No." | Produced BWC footage itself shows multiple on-scene personnel and unresolved identity issues. | The list was certified without using obviously available sources that could confirm who was physically present. | Compel sworn inquiry details and amended answer based on all reasonably available sources |
| 4 | Defense maintained the officer list was complete despite an unidentified uniformed responder on video | Rule 26(e) supplementation re Interrogatory No. 2 | 2/16/26 email: the disclosed list (excluding Huggard) was "complete and accurate." Counsel also said the extra person was "unknown if that is even an officer." | 2/24/26 clips and stills show a uniformed Sunrise responder arriving in a marked vehicle, interacting with Plaintiff and the reporting party, and coordinating on scene. | Completeness was locked in while a visible uniformed on-scene person remained unidentified. | Compel identification, BWC assignment/status, and supplementation |
| 5 | Unknown officer still unidentified after March 19 conferral | Mar. 19, 2026 conferral memorialization | Memorialized defense position: none of the defendants can identify the unresolved officer visible on the produced footage after the inquiry performed to date. | Same footage + memorialization note that one relevant view is from Howe's own BWC, so the unidentified person cannot be Howe. | Even after clips/stills and a phone conferral, defendants still did not identify a uniformed on-scene person shown in their own production. | Order identification of the officer, related BWC status, and associated records |
| 6 | Metadata / activation-deactivation logs denied, then confirmed | Interrogatory No. 3 / 30(b)(6) testimony | Nov. 3 interrogatory answer: "Defendant does not maintain logs of any stoppages of recording ..." | Goldstein 3/13/26 testimony: the system maintains metadata, including activation/deactivation, hash values, upload, export, and access tracking. | A sworn answer denied the existence of logging that the City's designee later confirmed exists. | Compel metadata and activation/deactivation logs; consider sanctions if the court finds the denial unjustified |

13662095.1.24-26

## Court Version - Top 12 Discovery Contradictions

Judge-facing summary built from the strongest, cleanest contradictions and supplementation failures

Use: concise issue statement + exact defense position + the specific record that contradicts or exposes the answer as incomplete.

| # | Issue | Discovery Request | Defendants' Position / Response | Contradicting Record | What Changed / Problem | Relief Sought |
|---|---|---|---|---|---|---|
| 7 | Audit trails, export logs, and hash values were requested but not addressed | RFP No. 1 (Oct. 1, 2025) | Nov. 3 response: "All BWC videos will be produced upon the entry of a Privacy Protection Order." | The request also sought audit trails, export history, and hash values. Goldstein later confirmed the system tracks those categories, and March 5 audit production showed the audit ecosystem exists. | The response addressed video files only and never squarely addressed the requested source records. | Compel evidence-level audit trails, export logs, and hash values within a fixed deadline |
| 8 | CAD audit trail not produced; only a face sheet was produced | RFP No. 2 / CAD chronology | Response: "See attached CAD and Incident Report." | Goldstein testified CAD is Broward-administered Motorola P1 and could not explain dual Bush entries; the face sheet does not show the underlying audit trail. | Defendants produced a summary output instead of the audit record needed to test timing and dispatch chronology. | Compel CAD audit trail and Broward CAD witness or sworn non-possession explanation |
| 9 | RMS provenance records not produced; 30(b)(6) witness had no case knowledge | RFP for RMS logs / report integrity | No meaningful RMS audit-log production, and no prepared case-specific explanation. | Goldstein testified RMS is CentralSquare, reviewed nothing about this case, could not identify SN 1400, and said a separate RMS witness would be needed. | Report provenance and print history remain untested because the City's designee lacked the necessary knowledge and records. | Compel RMS audit logs and a prepared RMS witness |
| 10 | West arrival timing: defendants said CAD was best, but BWC shows earlier supervisory presence | Interrogatory No. 2 / arrival-time methodology | Oct. 30 and Nov. 3 answers said: "The CAD log would provide the best information as to arrival time and assignment on scene." | Howe BWC shows West on scene at about 2:34:07, while CAD lists arrival at 2:49. | The source defendants themselves called 'best' conflicts with the produced video by roughly 15 minutes on a supervisory-presence issue. | Compel CAD audit trail and explain the timing discrepancy |
| 11 | October 1 RFAs were answered about six months late | RFAs to West, Lawrence, Lopez, Bush, Cason, and Jones | No timely Rule 36 response was served within 30 days. A response paper was not served until about March 19, 2026. | Late paper came after the Rule 36 window had long expired. | This is first a timing problem, and only second a sufficiency problem. The late response did not automatically erase the default effect of missing the deadline. | Deem admitted, or require a Rule 36(b) withdrawal showing and amended answers |
| 12 | Late RFA response remained ambiguous and uncured | RFA Nos. 5, 6, 7, 8, 11 + Oct. 1 interrogatory | March 19 paper was captioned as the City's response and gave bare denials/admissions without Bates/file identification or clear positions on existence vs. withholding. | Plaintiff's March 19 memorialization asked who actually responded, what Cason file they meant, whether Jones BWC existed, whether logs/hash values do not exist vs. are withheld, and which officer allegedly loosened cuffs. No corrective response followed. | Key denials were left undefined, and counsel did not cure the ambiguity after conferral. | Deem admitted or compel amended, record-specific answers and identify which defendants responded |

# EXHIBIT B

## Revised Master Discovery Matrix

This revised version tightens the original master matrix for court use.

It removes placeholder text, corrects the Huggard / Aja-Cason row-shift problem, and converts draft-style entries into cleaner record-based statements.

Where the uploaded exhibit set did not supply an exact Bates number, page-line cite, or audit-entry identifier, the row is stated cautiously and flagged in Notes rather than guessing at missing support.

Use this exhibit as the cleaned master version. Rows flagged as master-only should not be promoted into a shorter judge-facing summary without adding the pinpoint cite.

## Section 1 — Discovery Request / Defense Answer / What Changed

For readability, the master matrix is presented in aligned sections. The "Issue" and "Bucket" columns repeat so each row can be matched across sections.

| Issue | Bucket | Discovery Request | Defendants' First Answer / Position | Date | Defendants' Later Answer / Clarification | Date | What Changed |
|---|---|---|---|---|---|---|---|
| Officers present at scene | Officer Identity | Interrogatory No. 2 | Oct. 30, 2025: "Officer Lawrence was the arresting officer. Howe, Lopez, Bradford, Huggard, Bush, Cason and West were also on scene to maintain peace and assist in the domestic violence investigation. The CAD log would provide the best information as to arrival time and assignment on scene. Any activated body worn cameras were preserved." | Oct. 30, 2025 | Nov. 3, 2025: Same answer revised to list "Jones" instead of "Bradford," add "for back-up and in order to maintain peace," add "Defendants otherwise have no independent recollection," and condition production on a privacy-protection stipulation / non-production order. | Nov. 3, 2025 | Identity wording changed; memory disclaimer added; production condition changed. |
| Jones role and presence | Jones / Ghost Officer | Interrogatory No. 2 + No. 4 | Oct. 30, 2025: Jones was listed only as "Bradford" with no role. Interrogatory No. 4 said defendants did not recall any supervisory orders and deferred to the Incident Report and videos. | Oct. 30, 2025 | Nov. 3, 2025: defendants changed "Bradford" to "Jones" and added that "Officer Bradford Jones was supervising Officer Lawrence in a Field Training Officer capacity." | Nov. 3, 2025 | Jones's FTO role appeared only in the later answer; no clean Rule 26(e) supplementation notice identified. |
| Jones BWC existence | Jones / Ghost Officer | RFAs re Jones / March 19 clarification request | No timely Rule 36 response identifying the Jones BWC production status is reflected in the current exhibit set. | Oct. 1, 2025 (served) | March 19, 2026 memorialization asked defense to confirm whether any Jones BWC had been produced in this action; no corrective response is reflected in Exhibit C. | Mar. 19, 2026 | Draft placeholder "RFA No. ___" removed. Row now states the actual clarification dispute without guessing a missing RFA number. |
| Howe audit trail not produced | Howe Omission | RFP No. 1 + source-record metadata | No direct written response identifying a Howe-specific audit-trail production is reflected in the uploaded exhibit set. | Initial responses | Howe is listed as on-scene and her BWC is the only continuous early camera, yet the current matrix does not identify a specific Howe audit-trail citation. | Current exhibit set | Placeholder / misaligned support removed. Add exact audit-trail cite before using this row aggressively at hearing. |
| Huggard present vs not present | Huggard Presence | Interrogatory No. 2 | Oct. 30 and Nov. 3, 2025 answers both listed Huggard as on scene. | Oct. 30 & Nov. 3, 2025 | Huggard later testified he was not present, and the Feb. 16, 2026 Alexander letter stated Huggard "was dispatched initially, but did not arrive on scene." | Huggard depo / Feb. 16, 2026 letter | Material officer-presence answer was later disclaimed without a clean corrected verified supplement. |
| Report approval: Aja vs Cason | Approval Chain (Aja/Cason) | Interrogatory No. 6 | Oct. 30, 2025: "The report was approved by Sgt. Aja." | Oct. 30, 2025 | Nov. 3, 2025: "Sergeant Cason approved of the decision to arrest Plaintiff." | Nov. 3, 2025 | The answer changed both the approving person and the thing approved (report approval vs. arrest decision). |
| West arrival time CAD vs BWC | West Timing / CAD vs BWC | Interrogatory No. 2 / arrival-time methodology | Oct. 30 and Nov. 3, 2025 answers said the CAD log would provide the best information as to arrival time and assignment on scene. | Oct. 30 & Nov. 3, 2025 | Produced BWC shows West present at about 2:34:07, while CAD lists arrival at 2:49. | Produced BWC / CAD | The source defendants called "best" conflicts with the produced video by about fifteen minutes. |
| West thin audit footprint | West Timing / CAD vs BWC | RFP No. 1 + audit logs | No evidence-level West audit production was identified in the initial written responses. | Initial responses | March 5, 2026 audit production reflects only three West BWC entries (0251, 0254, 0300) and no logins or evidence-access activity. | Mar. 5, 2026 | Supervisory presence issue remains paired with a notably thin audit footprint. |

13662095.1.17-26

| Issue | Bucket | Discovery Request | Defendants' First Answer / Position | Date | Defendants' Later Answer / Clarification | Date | What Changed |
|---|---|---|---|---|---|---|---|
| Lawrence 2:56 / 3:14 AM logins | Lawrence Audit Gap | RFP No. 1 + audit logs | No object-level login explanation was provided in the initial responses. | Initial responses | March 5, 2026 audit production reflects Lawrence logins during the active scene window, without object-level explanation in the current exhibit set. | Mar. 5, 2026 | Audit activity exists, but the current production does not explain what was accessed during the arrest window. |
| Lawrence citizen audio solicitation | Citizen Audio / 3.m4a | RFP / supplemental RFP | No citizen-audio file was identified in the initial production set reflected here. | Initial production | Audit trail reflects a 6:49 AM community request for AUDIO on incident 422503013074 and 8:51 AM entries for "New Recording 3.m4a" tagged AXONCitizen. | Mar. 5, 2026 | Post-arrest audio-development entries appear in audit records, but the resulting file was not squarely addressed in production. |

## Section 1 — Discovery Request / Defense Answer / What Changed (continued)

Row order is preserved from the master matrix.

| Issue | Bucket | Discovery Request | Defendants' First Answer / Position | Date | Defendants' Later Answer / Clarification | Date | What Changed |
|---|---|---|---|---|---|---|---|
| New Recording 3.m4a not produced | Citizen Audio / 3.m4a | RFP / supplemental RFP | No produced file matching "New Recording 3.m4a" is identified in the current exhibit set. | Current production | Evidence.com audit entries reflect that a file by that name exists and is tied to incident 422503013074. | Mar. 5, 2026 | File existence appears in the audit trail even though the file itself is not identified as produced. |
| Bush arrest photo 2125 retention | Bush Photo / Retention | RFP No. 1 + audit logs | No metadata explanation for retention differences is reflected in the initial responses. | Initial responses | Bush audit entries reflect arrest-photo items set to 2125 retention while other evidence reflects 2033 retention. | Mar. 5, 2026 | Retention handling appears non-uniform and unexplained. |
| Bush different IP / MFA | Bush Photo / Retention | RFP No. 1 + audit logs | No network/device explanation appears in the initial responses. | Initial responses | Bush audit entries reflect activity from a different IP address than most other entries, and MFA is noted. | Mar. 5, 2026 | Audit trail suggests a different network/device context during evidence handling. |
| Bush preservation actions on incidents 013074 / 013072 | Bush Photo / Retention | RFP No. 1 + audit logs | Nov. 3, 2025 response stated: "All BWC videos will be produced upon the entry of a Privacy Protection Order." | Nov. 3, 2025 | March 19, 2026 memorialization states defense gave no firm answer as to what metadata categories exist, what categories are being searched, or when a final position would be given. | Mar. 19, 2026 | March 5 audit production showed preservation / retention activity not previously explained; March 19 conferral still gave no final metadata position. |
| Cason zero BWC for incident | Cason No-BWC | Interrogatory No. 2 + source-record metadata | Initial officer-presence answers listed Cason as on scene. | Oct. 30 / Nov. 3, 2025 | The current exhibit set does not identify any produced Cason BWC for the incident despite his on-scene role. | Current exhibit set | On-scene supervisory presence remains unmatched by any identified Cason BWC production. |
| Cason review activity on related February 28 video | Cason No-BWC | RFP No. 1 + audit logs / source-record metadata | Nov. 3, 2025 response stated: "All BWC videos will be produced upon the entry of a Privacy Protection Order." | Nov. 3, 2025 | March 19, 2026 memorialization states defense gave no firm answer as to what metadata categories exist, what categories are being searched, or when a final position would be given. | Mar. 19, 2026 | March 5 audit production reflects repeated buffered / PRVA review activity on related file 42-2502-012126, but no explanation or supplementation was provided. |
| Lopez employment false certification | Lopez Employment | Interrogatory No. 7 / employment-status answer | Nov. 3, 2025 answer stated: "None of the above officers have separated or retired while under investigation." | Nov. 3, 2025 | Defense later admitted Lopez had separated from employment. | Post-Nov. 3 correspondence | Original employment-status certification was false or incomplete. |
| Lopez active Axon use on 3/6 | Lopez Employment | Audit-trail follow-up | No status explanation tied to system activity appears in the initial responses. | Initial responses | Lopez audit entries reflect three BWC clips for the incident and a 3:50 AM login / portal access entry. | Mar. 5, 2026 | System activity continued to appear in audit records notwithstanding the employment-status issue. |
| BWC withheld behind PPO | BWC Production / Integrity | RFP No. 1 (Oct. 1, 2025) | Footage was withheld pending a Privacy Protection Order. | ~Oct. 2025 | After entry of the PPO, the same footage from the dropped criminal case was produced; Jones BWC was produced only in edited form; Goldstein admitted he had reviewed nothing about this case to prepare for the 30(b)(6) deposition. | Mar. 13, 2026 | Production posture shifted, but the resulting production still left integrity / completeness issues. |
| Goldstein confirmed metadata exists but City has not produced it | BWC Production / Integrity | RFP No. 1; Interrogatory No. 3; 30(b)(6) | Nov. 3, 2025 interrogatory answer said defendants do not maintain logs of | Nov. 3, 2025 | Goldstein testified the system maintains metadata, including | Mar. 13, 2026 | A sworn written denial was later contradicted by the City's own designee. |

13662095.1.18-26

| Issue | Bucket | Discovery Request | Defendants' First Answer / Position | Date | Defendants' Later Answer / Clarification | Date | What Changed |
|-------|--------|-------------------|-------------------------------------|------|------------------------------------------|------|--------------|
| | | | stoppages of recording. | | activation/deactivation, hash values, upload, export, and access tracking. | | |

## Section 1 — Discovery Request / Defense Answer / What Changed (continued)

Row order is preserved from the master matrix.

| Issue | Bucket | Discovery Request | Defendants' First Answer / Position | Date | Defendants' Later Answer / Clarification | Date | What Changed |
|---|---|---|---|---|---|---|---|
| CAD audit trail — only face sheet produced | CAD Audit Trail | RFP No. 2 (Feb. 25, 2026) | Response said: "See attached CAD and Incident Report" and did not produce the underlying audit trail. | ~Feb. 2026 | Goldstein testified CAD is Broward-administered Motorola P1 and could not explain the dual Bush entries. | Mar. 13, 2026 | The face sheet is not the audit trail; dispatch chronology remains untested. |
| RMS audit logs and SN 1400 identity | RMS / Report Integrity | RFP (Feb. 25, 2026) | No response. No production. | N/A | Goldstein testified RMS is CentralSquare, is administered by Janice Ubi, and that he reviewed nothing about this case; he could not identify SN 1400 or explain the print event. | Mar. 13, 2026 | Complete non-production remained paired with a 30(b)(6) witness who lacked case-specific knowledge. |
| AVL/GPS and station surveillance not produced | AVL/GPS / Station Surveillance | RFP No. 7 (Feb. 25, 2026) | No production and no sworn non-existence statement are reflected in the current exhibit set. | N/A | No response at all is reflected here. | N/A | Complete non-production with no explanation. |
| Howe deposition refused absent court order | Witness Production | Witness request / conferral | Defense counsel stated Howe would not be produced absent court order. | Mar. 6, 2026 communication | Goldstein later confirmed different witnesses would be needed for RMS and CAD, while Howe remained the only continuous early-camera officer. | Mar. 13, 2026 | A central fact witness remained unavailable without court intervention. |
| October 1, 2025 RFAs — six-month delay | RFA Deemed Admissions | RFAs to West, Lawrence, Lopez, Bush, Cason, and Jones | No timely Rule 36 response was served within 30 days. | Oct. 1, 2025 (served) | Late responses were served about March 19, 2026, nearly six months later, and were largely bare denials without record-specific identification. | ~Mar. 19, 2026 | Late denials did not automatically cure the missed Rule 36 deadline. |
| Choking call 013072 immediately before DV call 013074 | Choking Call / Prior Contact | CAD / audit-trail follow-up | No integrated dispatch explanation appears in the initial responses. | Initial responses | Lawrence and Bush audit trails both reflect activity tied to incident 013072 shortly before incident 013074, and the DV incident was created at 2:20:44 AM per CAD. | Mar. 5, 2026 audit production | Adjacent-call sequence appears in source records without a clear disclosed explanation. |
| BWC audit trails / hash values requested but not produced | BWC Production / Integrity | RFP No. 1 (Oct. 1, 2025) | Nov. 3, 2025 response said all BWC videos would be produced upon entry of a PPO. | Nov. 3, 2025 | The request also sought audit trails, export logs, and hash values, but the response addressed only video production. | No direct later cure | Audit trails, export logs, and hash values were never squarely addressed. |
| BWC muting / stoppage documentation denied then contradicted | BWC Production / Integrity | RFP No. 2 + Interrogatory No. 3 | Nov. 3 RFP response referred to the Body Worn Camera Policy; Nov. 3 interrogatory answer said defendants do not maintain logs of stoppages of recording. | Nov. 3, 2025 | Goldstein later confirmed the system tracks activation / deactivation logs and that TAC debrief is an official policy allowing officers to deactivate cameras for private discussions. | Mar. 13, 2026 | Written denial of logs was later contradicted by the 30(b)(6) testimony. |
| Station CCTV objected to as irrelevant | AVL/GPS / Station Surveillance | RFP No. 4 | Nov. 3, 2025 objection asserted irrelevance and overbreadth. | Nov. 3, 2025 | At the same time, other responses reflected no recall of station-custody interaction beyond Maurice Lawrence's BWC, despite a multi-hour station window. | Nov. 3, 2025 | Objection to CCTV was paired with a claim of limited recall during the undocumented station period. |
| Interrogatories sworn by Risk Manager, not | Post-Depo Answer Changes | All Interrogatories 1–7 | Both Oct. 30 and Nov. 3 answer sets were signed by | Oct. 29 / Nov. 3, 2025 | The two answer sets changed materially without | N/A | Verification channel raises reasonable-inquiry and |

13662095.1.19-26

| Issue | Bucket | Discovery Request | Defendants' First Answer / Position | Date | Defendants' Later Answer / Clarification | Date | What Changed | |
|---|---|---|---|---|---|---|---|---|
| individual officers | | | Bill Mason in his capacity as Risk Manager for all defendants and notarized by Laura Murphy-Lestrade. | | any indication which individual officers reviewed or approved which version. | | personal-knowledge concerns. | |

## Section 2 — Contradicting Record / Materiality / Relief

Rows flagged in Notes as "master only" should not be promoted into a shorter judge-facing summary until pinpoint citations are inserted.

| Issue | Bucket | Contradicting Record / Source Support | Why It Matters | Problem Type | Relief Sought | Court Version? | Notes |
|---|---|---|---|---|---|---|---|
| Officers present at scene | Officer Identity | Jones audit trail shows four BWC clips for incident 013074 (0226, 0232, 0245, 0300). Jones also appears in the jurat / attestation chain. Defense methodology appears inconsistent: Jones was included via FTO status (not on CAD), while Huggard was included via dispatch despite later being disclaimed. | Officer identification and completeness of the scene list. | incomplete | Compel corrected supplementation. | YES | |
| Jones role and presence | Jones / Ghost Officer | Jones audit trail shows four clips for incident 013074. Produced footage and the matrix description place Jones directing officers, coaching the reporting party, and discussing a "tac debrief" / "map out the PC." | Officer identity and BWC-withholding issues. | inconsistent | Compel supplementation; reserve sanctions. | YES | Use exact quote cites if promoted beyond master matrix. |
| Jones BWC existence | Jones / Ghost Officer | Exhibit C reflects a direct March 19 request that defense confirm whether any Jones BWC was produced, with no corrective response reflected in the chain. | Whether Jones footage exists, was produced, or remains withheld. | unclear / incomplete | Compel a clear yes-or-no production-status answer. | | Cleaner than the prior placeholder formulation. |
| Howe audit trail not produced | Howe Omission | Howe is listed as on scene and her footage is the only continuous early camera, yet the current exhibit set does not identify a specific Howe audit-trail citation. | Only continuous early BWC officer remains weakly tied to the audit-trail record as currently presented. | incomplete | Compel production or identify the relevant audit-trail entry. | | Add exact March 5 audit-production cite before relying heavily on this row. |
| Huggard present vs not present | Huggard Presence | The written interrogatory answers listed Huggard as on scene, but Huggard later testified he was not present, and defense later stated he was dispatched but did not arrive. | Material officer-identification answer changed after service. | contradicted by record | Compel corrected verified supplementation. | YES | |
| Report approval: Aja vs Cason | Approval Chain (Aja/Cason) | Two versions of Interrogatory No. 6 identify different approvers and different approved actions: first, that the report was approved by Sgt. Aja; later, that Sgt. Cason approved the decision to arrest. | Who approved what matters to the approval chain and probable-cause formation narrative. | revised / inconsistent | Compel verified supplementation identifying the actual approver and action approved. | YES | |
| West arrival time CAD vs BWC | West Timing / CAD vs BWC | Howe BWC shows West on scene at about 2:34:07, while CAD lists his arrival at 2:49. | Supervisory presence timeline directly affects who was present and when. | contradicted by record | Compel CAD audit trail and explain the timing discrepancy. | YES | |
| West thin audit footprint | West Timing / CAD vs BWC | West audit trail reflects only three BWC entries and no logins or evidence-access activity identified in the current exhibit set. | Supervisory presence issue is paired with unusually thin system activity. | incomplete | Compel evidence-level audit / source-record explanation. | | |
| Lawrence 2:56 / 3:14 AM logins | Lawrence Audit Gap | March 5 audit production reflects Lawrence logins during the active-scene / arrest window without object-level explanation in the current exhibit set. | What was accessed during the arrest window remains unexplained. | incomplete | Compel evidence-level audit details. | | Add exact entry numbers if used at hearing. |

13662095.1.20-26

| Issue | Bucket | Contradicting Record / Source Support | Why It Matters | Problem Type | Relief Sought | Court Version? | Notes |
|---|---|---|---|---|---|---|---|
| Lawrence citizen audio solicitation | Citizen Audio / 3.m4a | Audit trail reflects a 6:49 AM community request for AUDIO on incident 422503013074 and 8:51 AM entries for "New Recording 3.m4a" tagged AXONCitizen. | Post-arrest evidence development appears in the system record. | contradicted by record | Compel production of the file and related portal records. | | |

# Section 2 — Contradicting Record / Materiality / Relief (continued)

The master matrix preserves broader issues than the top-12 court version; weaker rows are expressly labeled as such.

| Issue | Bucket | Contradicting Record / Source Support | Why It Matters | Problem Type | Relief Sought | Court Version? | Notes |
|---|---|---|---|---|---|---|---|
| New Recording 3.m4a not produced | Citizen Audio / 3.m4a | Evidence.com audit entries reflect a file named "New Recording 3.m4a" tied to incident 422503013074, but the current exhibit set does not identify that file as produced. | A responsive audio file appears to exist without a clear production record. | Incomplete | Compel production; reserve sanctions. | | |
| Bush arrest photo 2125 retention | Bush Photo / Retention | Bush audit entries reflect arrest-photo items set to 2125 retention while other evidence reflects 2033 retention. | Retention handling appears non-uniform. | Inconsistent | Compel explanation and native metadata. | | |
| Bush different IP / MFA | Bush Photo / Retention | Audit entries reflect Bush activity from a different IP address / device context than most other entries, and MFA is noted. | Network / device context during evidence handling may matter. | Inconsistent | Compel explanation. | | Better kept in master matrix unless tied to a clean source-record cite. |
| Bush preservation actions on incidents 013074 / 013072 | Bush Photo / Retention | Bush audit trail (March 5, 2026 production) reflects 3:22-3:42 AM preservation actions tied to incident 013074 and adjacent incident 013072, with arrest-photo items reflecting 2125 retention and differing IP-linked activity. | Preservation / retention handling appears more involved than defendants acknowledged and may bear on source-record scoping. | inconsistent | Compel explanation and native metadata. | | Master only unless exact Bates / timestamp cites are added. |
| Cason zero BWC for incident | Cason No-BWC | Cason is treated in the exhibit set as an on-scene supervisor, yet the current production does not identify any Cason BWC for the incident. | Supervisor-on-scene issue remains unmatched by any identified BWC production. | Incomplete / contradicted by record | Compel explanation or sworn non-existence position. | | Add exact cite to on-scene record if promoted. |
| Cason review activity on related February 28 video | Cason No-BWC | Cason audit trail (March 5, 2026 production) reflects repeated late-night buffered / PRVA review activity on file 42-2502-012126 ("36-FIGHT," Feb. 28, 2025). | Related-file review activity may bear on source-record scope and preservation. | inconsistent | Compel source-file identification and full audit trail. | | Master only unless exact file-name / Bates support is inserted. |
| Lopez employment false certification | Lopez Employment | Nov. 3 answer said none of the listed officers had separated or retired while under investigation; later defense communications acknowledged Lopez had separated. | Reasonable-inquiry / certification reliability issue. | contradicted by record | Compel correction; reserve sanctions. | YES | |
| Lopez active Axon use on 3/6 | Lopez Employment | Lopez audit entries reflect three BWC clips for the incident plus a 3:50 AM login / portal access entry. | System activity persisted notwithstanding the employment-status issue. | contradicted by record | Use for impeachment and source-record clarification. | | |
| BWC withheld behind PPO | BWC Production / Integrity | Goldstein testified he had not reviewed any BWC to prepare for the 30(b)(6) deposition and could not explain why Howe was the only continuous early camera, why West appears on another officer's camera before his own begins, or why Cason appears without any produced BWC. | BWC integrity and completeness of production remain unresolved. | incomplete | Compel native metadata, hash values, and audit logs. | | |

13662095.1.21-26

| Issue | Bucket | Contradicting Record / Source Support | Why It Matters | Problem Type | Relief Sought | Court Version? | Notes |
|-------|--------|----------------------------------------|----------------|--------------|---------------|----------------|-------|
| Goldstein confirmed metadata exists but City has not produced it | BWC Production / Integrity | Goldstein deposition at 18:05-18:12 confirmed that the system maintains metadata, contrary to the earlier written denial. | Core source-record dispute directly contradicts the written discovery answer. | contradicted by record | Compel within a fixed deadline; reserve sanctions. | YES | |

## Section 2 — Contradicting Record / Materiality / Relief (continued)

The master matrix preserves broader issues than the top-12 court version; weaker rows are expressly labeled as such.

| Issue | Bucket | Contradicting Record / Source Support | Why It Matters | Problem Type | Relief Sought | Court Version? | Notes |
|---|---|---|---|---|---|---|---|
| CAD audit trail — only face sheet produced | CAD Audit Trail | Goldstein deposition at 15:25-16:48 plus the produced CAD face sheet show that only summary material was produced and the dual Bush entries remain unexplained. | CAD chronology remains unreliable without the underlying audit trail. | incomplete | Compel CAD audit trail and Broward CAD designee or sworn non-possession explanation. | YES | |
| RMS audit logs and SN 1400 identity | RMS / Report Integrity | Goldstein deposition at 12:33-13:27 and 19:59-20:37 reflects that RMS is administered by Janice Ubi, that Goldstein reviewed nothing about this case, and that he could not identify SN 1400 or explain the print event. | Report provenance, authentication, and print history remain untested. | Incomplete | Compel RMS logs and a prepared RMS witness. | YES | |
| AVL/GPS and station surveillance not produced | AVL/GPS / Station Surveillance | The exhibit set reflects a station-custody window from about 3:13 AM to 5:21 AM and visible unit movement during the early scene window, but no AVL/GPS or station-surveillance production. | Neutral objective records could confirm the timeline and custody chain. | evasive / incomplete | Compel production or a sworn non-existence declaration. | YES | |
| Howe deposition refused absent court order | Witness Production | Howe's BWC places West on scene at about 2:34:07 and captures the early property-handling sequence, yet defense refused to produce Howe absent court order. | Howe is a central fact witness on timing and handling issues. | evasive | Court order requiring production of Howe and, if needed, related source-record custodians. | YES | |
| October 1, 2025 RFAs — six-month delay | RFA Deemed Admissions | RFA topics included BWC continuity, Cason / Jones footage, metadata / audit logs, hash values, mute / stop events, cuff-loosening, dog handling, and post-cuff activity. No timely Rule 36 response is reflected; a response paper appeared about six months later. | The admission process was lost as a narrowing tool before cutoff. | late supplement | Deem admitted under Rule 36(a)(3) or compel sufficient Rule 36(a)(6) answers. | YES | |
| Choking call 013072 immediately before DV call 013074 | Choking Call / Prior Contact | Lawrence and Bush audit entries reflect activity tied to incident 013072 shortly before the DV incident 013074 was created in CAD. | Dispatch sequence, prior-contact timing, and officer positioning remain relevant to chronology. | incomplete | Compel CAD dispatch records for both incidents. | YES | |
| BWC audit trails / hash values requested but not produced | BWC Production / Integrity | Goldstein confirmed metadata exists, and the March 5 audit production confirmed the system generates audit reports, yet no evidence-level audit, hash values, or export logs were squarely produced. | Responsive source-record categories were requested but not addressed. | evasive | Compel production within a fixed deadline. | YES | |
| BWC muting / stoppage documentation denied then contradicted | BWC Production / Integrity | Goldstein confirmed activation / deactivation tracking, and TAC debrief was admitted as an official policy allowing private camera deactivation discussions. | The source record exists even though the written answer denied the logs. | contradicted by record | Compel activation / deactivation logs; reserve sanctions. | YES | |
| Station CCTV objected to as irrelevant | AVL/GPS / Station Surveillance | BWC / booking records reflected departure from | Station-custody gap remains unsupported by neutral | evasive | Compel production or sworn non-existence declaration. | | |

| Issue | Bucket | Contradicting Record / Source Support | Why It Matters | Problem Type | Relief Sought | Court Version? | Notes |
|---|---|---|---|---|---|---|---|
| | | scene around 3:13 AM and booking around 5:21 AM, leaving a station-custody window that was not documented by produced surveillance. | objective records. | | | | |
| Interrogatories sworn by Risk Manager, not individual officers | Post-Depo Answer Changes | The jurat pages reflect Bill Mason signing as Risk Manager, not the individual officer defendants, even though the answers changed materially between versions. | Verification reliability and reasonable inquiry are both in question. | unsupported after reasonable inquiry | Compel verified supplementation from actual responding defendants. | YES | |

# EXHIBIT C

## Plaintiff's Conferral and Supplemental Identification Email Chain

(Feb. 24 & Mar. 18–19, 2026)

*Filed in support of DE 68 and DE 71*

1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60841-JMS

NIHAL MICHAEL GAUTAM,
Plaintiff,
v.
CITY OF SUNRISE, FLORIDA, et al.,
Defendants.

_____/

## EXHIBIT C – PLAINTIFF'S CONFERRAL AND SUPPLEMENTAL IDENTIFICATION EMAIL CHAIN

This exhibit reproduces the relevant email chain in chronological order. The exhibit is submitted to document Plaintiff's efforts to narrow the unresolved officer-identification issue, seek supplementation without motion practice, confer regarding a limited extension of discovery, and memorialize Defendants' final conferral positions.

Timestamps below are reproduced from the email views provided by Plaintiff. Where March 19, 2026 messages refer to a "3:00 PM" call, the display reflects email-view timing conventions; the March 19 memorialization email is included as provided and is treated here as part of the same March 19 conferral chain.

Where the original Gmail view displayed attachment names, visible attachment names are listed in bracketed form. The text below is otherwise reproduced in substance from the emails provided.

2



3/25/26, 7:11 PM                                    Gmail - Follow-Up Regarding BWC Production and Native Files

## M Gmail

nihol michael gautem <nihalg6556@gmail.com>

### Follow-Up Regarding BWC Production and Native Files

1 message

nihol michael gautem <nihalg6556@gmail.com>                              Tue, Feb 24, 2026 at 7:10 PM
To: Scott Alexander <alexander@jjjarrbg.com>
Cc: "Mason, Bill" <BMason@sunrisefl.gov>

Counsel,

I hope you are well. I write to follow-up regarding Defendants' prior production of body-worn camera footage pursuant to the Privacy Protection Order.

To ensure completeness of discovery and avoid unnecessary motion practice, Plaintiff seeks clarification as to the format and scope of the production. Specifically, please advise whether Defendants produced the original native body-worn camera files or only exported or converted video files.

If native files and related materials have not yet been produced, Plaintiff requests production of the following:

1. Native BWC files in their original format.

2. Associated metadata, including timestamps, device identifiers, and synchronization information.

3. Audit logs reflecting access, review, export, or modification of the footage.

4. Export history and chain-of-custody documentation.

5. Identification of the BWC system, software, and storage platform used by the City.

6. Applicable retention, overwrite, and synchronization policies.

This request is intended to clarify the completeness and reliability of the production and is not intended to suggest any impropriety. Plaintiff remains willing to meet and confer to resolve any issues efficiently and in good faith.

Please advise whether Defendants will supplement production or whether further format discovery will be necessary.

Respectfully,
Nihal Michael Gautem
Plaintiff, Pro Se

https://mail.google.com/mail/u/0/?ik=f456f67423&view=pt&search=all&permthid=thread-a:r888657486861450488586&simpl=msg-a:r64488333778396...    1/1



 Gmail

nihal michael gautam &lt;nihalg5555@gmail.com&gt;

**Memorialization of March 19 conferral and clarification of October 1 discovery responses**
1 message

nihal michael gautam &lt;nihalg5555@gmail.com&gt;                                    Thu, Mar 19, 2026 at 12:39 PM
To: Scott Alexander &lt;alexander@jambg.com&gt;, "Mason, Bill" &lt;BMason@sunrisefl.gov&gt;

Scott,

Thank you for speaking with me today. This email memorializes defendants' positions as I understood them during our March 19, 2026 telephone conferral and seeks clarification regarding defendants' late responses to Plaintiff's October 1, 2025 Requests for Admission. If I have misstated anything, please correct it promptly.

Defendants' position is that there will be no further supplementation of the officer-identification / officer-role responses beyond CAD, BWC, and the responses already served.

Defendants' position is that none of defendants can identify the unresolved officer visible on the produced footage after the inquiry performed to date.

As to Officer Rachel Howe, you stated that you would ask whether she will appear voluntarily for deposition, but defendants take the position that they are not required to produce her without subpoena.

Defendants' position is that there will be no further supplementation reconciling the approval / report chain issues involving Negron, Aja, and Cason.

Defendants' position is that there is nothing further to add regarding Jones beyond the position already stated.

As to BWC metadata / source-record issues, you stated that you would email the appropriate person to ask about metadata, but you did not provide a firm answer today as to what categories exist, what categories are being searched, or when defendants will provide a final position.

Defendants' position is that they will not stipulate to a limited extension of discovery through May 1, 2026.

Also, to be clear, the unidentified officer is not Officer Howe. One of the relevant views is from Howe's own body-worn camera, so Howe cannot be the unidentified officer shown in that footage.

I also received defendants' late responses to Plaintiff's October 1, 2025 Requests for Admission. Several clarification issues require immediate confirmation:

1. The document is captioned as the City's response, but the RFAs were directed to West, Lawrence, Lopez, Bush, Cason, and Jones. Please confirm whether this response is intended as the response of the City only, or whether counsel is also serving it on behalf of each of those individual defendants.

2. As to RFA No. 3, please identify by Bates number and file name the alleged Cason BWC defendants contend was produced.

3. As to RFA No. 6, please confirm whether defendants' position is that no Jones BWC was produced in this action.

4. As to RFA Nos. 7 and 8, please state clearly whether defendants' position is:
   (a) that no audit/export logs or hash values exist;
   (b) that such materials exist but are not being produced; or
   (c) that defendants have not yet completed a reasonable inquiry.

5. As to RFA No. 11, please identify the officer whom defendants contend loosened Plaintiff's cuffs, and identify the footage or other record on which defendants rely.

6. As to the October 1, 2025 interrogatory, please identify by date the specific verified interrogatory response defendants contend answered it.

Plaintiff preserves the position that these RFA responses are late and that no timely response was served.

https://mail.google.com/mail/u/0/?ik=3844b5b34b&view=pt&search=all&permthid=thread-a:r-6606273835315918774&simpl=msg-a:r274209023171232...          1/2

5



M Gmail

**Conferral re supplementation, officer identification, Howe deposition, and limited discovery extension**

5 messages

Scott,

I am writing to confer in good faith regarding the remaining discovery issues before the April 1, 2026 discovery cutoff.

Please confirm by Thursday, March 19, 2026 at 12:00 PM EDT whether Defendants will:

1. Serve a supplemental response to Interrogatory No. 2 identifying all officers physically present and their roles, including correction of any materially inaccurate prior response;

2. Identify the officer visible on the produced BWC footage whose identity remains unresolved;

3. Confirm whether Defendants will produce Officer Rachel Howe for deposition and provide available dates; and

4. Stipulate to a limited extension of the discovery cutoff to May 1, 2026, limited to the specific discovery categories already identified: BWC native files/metadata/audit logs, CAD audit trail, RMS audit logs, AVL/GPS/station surveillance, and the limited depositions that depend on those productions.

My position is that the existing officer-identification response remains materially incomplete or incorrect and requires timely supplementation. I am available to confer by telephone today and tomorrow. Please provide times you are available for a call.

If Defendants will not agree, please state specifically which of the above items Defendants refuse and the basis for that refusal.

Regards,
Nihal Michael Gautam
Plaintiff, Pro Se

On Wed, Mar 18, 2026 at 8:35 PM nihal michael gautam <nihalg2655@gmail.com> wrote:

Scott,

I am writing to confer in good faith regarding the remaining discovery issues before the April 1, 2026 discovery cutoff.

Please confirm by Thursday, March 19, 2026 at 12:00 PM EDT whether Defendants will:

1. Serve a supplemental response to Interrogatory No. 2 identifying all officers physically present and their roles, including correction of any materially inaccurate prior response;

We have already told you who was present. There's nothing to supplement.

2. Identify the officer visible on the produced BWC footage whose identity remains unresolved;

We don't know. It appears to be female, Howe.

3/25/26, 7:13 PM          Gmail - Conferral re supplementation, officer identification, Howe deposition, and limited discovery extension

   1. Confirm whether Defendants will produce Officer Rachel Howe for deposition and provide available dates;
      and

I will ask her to appear without a subpoena. She is not a party and is not in Sunrise management so the law does not
require me to produce her without being served, but I will make a request and let her decide.

   1. Stipulate to a limited extension of the discovery cutoff to May 1, 2026, limited to the specific discovery
      categories already identified: BWC native files/metadata/audit logs, CAD audit trail, RMS audit logs,
      AVL/GPS/station surveillance, and the limited depositions that depend on those productions.

No chance. Nothing being sought has any bearing on the issues in your case.
[Quoted text hidden]

--
Scott D. Alexander
Johnson, Anselmo, Murdoch,
   Burke, Piper & Hochman, P.A.
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
Tel: 954-463-0100
Fax: 954-463-2444
Alexander@JAMBG.COM

nihal michael gautam <nihalg5555@gmail.com>                    Thu, Mar 19, 2026 at 8:22 AM
To: Scott Alexander <alexander@jambg.com>

Scott,

Please provide times you are available to confer by telephone today or tomorrow pursuant to Judge Strauss's procedures.
[Quoted text hidden]
[Quoted text hidden]

Scott Alexander <alexander@jambg.com>                          Thu, Mar 19, 2026 at 8:40 AM
To: nihal michael gautam <nihalg5555@gmail.com>

3pm today
[Quoted text hidden]

nihal michael gautam <nihalg5555@gmail.com>                    Thu, Mar 19, 2026 at 9:07 AM
To: Scott Alexander <alexander@jambg.com>

Okay, I'll call you at 3.
[Quoted text hidden]

7

 Gmail                                    nihal michael gautam <nihalg8688@gmail.com>

## Rule 26(e) Supplementation Request – Interrogatory No. 2
4 messages

nihal michael gautam <nihalg8688@gmail.com>                        Thu, Feb 12, 2026 at 1:57 AM
To: Scott Alexander <alexander@jambg.com>
Cc: "Mason, Bill" <BMason@sunrisefl.gov>, Carolyn Cintron <Cintron@jambg.com>

Dear Counsel,

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, I request supplementation of Defendants' response to Interrogatory No. 2 concerning identification of all officers physically present at or adjacent to the scene of my March 6, 2025 arrest.

### Interrogatory No. 2 – Disclosed Individuals

Defendants' response (attached) identifies the following officers as present:
Lawrence, Howe, Lopez, Jones, Huggard, Bosh, Cason, and West.

The interrogatory expressly required disclosure of all officers present, whether or not listed in CAD logs or reports.

### Additional Officer Reflected on BWC

Review of produced body-worn camera footage reflects the presence of an additional uniformed Sunrise Police Department officer who:

- Arrives first on scene in a marked patrol vehicle;

- Is approached by my dogs;

- Observes interactions between myself and Officers Howe and Lopez;

- Proceeds toward the caller/alleged victim;

- Is referenced on-scene (including Officer Howe stating that four officers went to the door upon Sgt. West's arrival).

This officer does not appear to be specifically identified in Defendants' interrogatory response or in any report produced to date.

Although the officer's face is not clearly visible, the patrol vehicle and uniform confirm Sunrise PD affiliation.

### Clarification Regarding Officer Huggard

Additionally, during Officer Huggard's deposition, he denied being present on scene and denied being the officer shown in the referenced footage. Defendants' interrogatory response now lists Officer Huggard as present.

Please clarify whether Defendants contend that Officer Huggard physically arrived on scene and, if so, the basis for that position.

### Demand for Supplementation

Accordingly, pursuant to Rule 26(e), please supplement Interrogatory No. 2 within seven (7) days by:

1. Identifying the officer reflected in the footage;

2. Stating whether that officer was assigned a body-worn camera and whether footage exists;

3. Confirming whether that officer prepared or contributed to any report, CAD entry, or related documentation;

4. Clarifying Officer Huggard's status with respect to scene arrival.

8

3:25:26, 7:14 PM       Gmail - Rule 26(e) Supplementation Request – Interrogatory No. 2

If supplementation is not provided by 2/19/26, I will seek appropriate relief under Rule 37.

Please confirm receipt.

Sincerely,
/s/ Nihal Michael Gautam
Nihal Michael Gautam
Pro Se Plaintiff
Case No: 0:25-cv-60841-JMS

---

Defs' MOS-Ann to Raggs 1-7.pdf
436K

---

**Scott Alexander** <alexander@jambg.com>          Mon, Feb 16, 2026 at 7:12 AM
To: nihal michael gautam <nihalg5535@gmail.com>
Cc: "Mason, Bill" <BMason@sunrisefl.gov>

Officer Haggard clarified in his deposition that he was dispatched initially, but did not arrive on scene. I don't see how we can clarify that any more than that. The City's answer was based off the CAD, but Haggard explained that he did not arrive. With that issue resolved, the answer is everyone we listed except Haggard.
[Quoted text hidden]

--
Scott D. Alexander
Johnson, Anselmo, Murdoch,
  Burke, Piper & Hochman, P.A.
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
Tel: 954-463-0100
Fax: 954-463-2444
Alexander@JAMBG.COM

---

**nihal michael gautam** <nihalg5535@gmail.com>        Mon, Feb 16, 2026 at 8:31 AM
To: Scott Alexander <alexander@jambg.com>
Cc: "Mason, Bill" <BMason@sunrisefl.gov>

Dear Counsel,

Thank you for your response regarding Officer Haggard. I understand Defendants' representation that Officer Haggard was dispatched but did not arrive on scene, and I will proceed based on that position unless supplemented.

However, clarification remains necessary regarding Defendants' identification of officers physically present.

As noted in your response, Defendants' interrogatory answer was "based off the CAD." Officer Bradford Jones was included in Defendants' interrogatory responses, yet he does not appear on the CAD log for this incident. This indicates that sources beyond the CAD were used to identify officers present.

Accordingly, pursuant to Rule 26(e), please supplement Defendants' response to Interrogatory No. 2 and clarify the following:

    1. What sources, in addition to the CAD, were relied upon to identify the officers listed as physically present;

    2. Whether body-worn camera footage, internal reports, supervisory review, officer recollections, or other materials were used;

    3. When and how Officer Bradford Jones was identified as present;

    4. Whether any additional officers were identified through review of evidence beyond the CAD;

    5. Whether Defendants maintain that the disclosed list of officers physically present (excluding Officer Haggard) is complete and accurate.

https://mail.google.com/mail/u/0?ik=8b6460d3a5&view=pt&search=all&permthid=thread-a:r162229793245f074f9-f&simpl=msg-a:r42835937787894...   3/4

9

On Mon, Feb 16, 2026 at 10:38 AM nihal michael gautam <nihalg5565@gmail.com> wrote:

Dear Counsel,

Thank you for your response regarding Officer Huggard. I understand Defendants' representation that Officer Huggard was dispatched but did not arrive on scene, and I will proceed based on that position unless supplemented.

However, clarification remains necessary regarding Defendants' identification of officers physically present.

As noted in your response, Defendants' interrogatory answer was "based off the CAD." Officer Bradford Jones was included in Defendants' interrogatory response, yet he does not appear on the CAD log for this incident. This indicates that sources beyond the CAD were used to identify officers present.

Accordingly, pursuant to Rule 26(e), please supplement Defendants' response to Interrogatory No. 2 and clarify the following:

1. What sources, in addition to the CAD, were relied upon to identify the officers listed as physically present; **CAD and reports.**

2. Whether body-worn camera footage, internal reports, supervisory review, officer recollections, or other materials were used; **No.**

3. When and how Officer Bradford Jones was identified as present; **He was Lawrence's FTO and would not be expected to appear on CAD.**

4. Whether any additional officers were identified through review of evidence beyond the CAD; **No.**

5. Whether Defendants maintain that the disclosed list of officers physically present (excluding Officer Huggard) is complete and accurate. **Yes.**

Additionally, as stated in my prior correspondence, body-worn camera footage appears to reflect the presence of an additional uniformed Sunrise Police Department officer who arrived first on scene and interacted with both the Plaintiff and the reporting party. That officer has not yet been identified in discovery.

Please confirm:

6. Whether Defendants have identified this officer; **Unknown if that is even an officer.**

7. Whether that officer was assigned a body-worn camera and whether any footage exists; **All BWC has been identified and provided.**

8. Whether that officer prepared or contributed to any report, CAD entry, or related documentation. **No.**

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

 Gmail

nihal michael gautam <nihalg5555@gmail.com>

**Memorialization of March 19 conferral and clarification of October 1 discovery responses**

nihal michael gautam <nihalg5555@gmail.com>                          Thu, Mar 19, 2026 at 12:38 PM
To: Scott Alexander <alexander@jambg.com>, "Mason, Bill" <BMason@sunrisefl.gov>

Scott,

Thank you for speaking with me today. This email memorializes defendants' positions as I understood them during our March 19, 2026 telephone conferral and seeks clarification regarding defendants' late responses to Plaintiff's October 1, 2025 Requests for Admission. If I have misstated anything, please correct it promptly.

Defendants' position is that there will be no further supplementation of the officer-identification / officer-role responses beyond CAD, BWC, and the responses already served.

Defendants' position is that none of defendants can identify the unresolved officer visible on the produced footage after the inquiry performed to date.

As to Officer Rachel Howe, you stated that you would ask whether she will appear voluntarily for deposition, but defendants take the position that they are not required to produce her without subpoena.

Defendants' position is that there will be no further supplementation reconciling the approval / report chain issues involving Negron, Aja, and Cason.

Defendants' position is that there is nothing further to add regarding Jones beyond the position already stated.

As to BWC metadata / source-record issues, you stated that you would email the appropriate person to ask about metadata, but you did not provide a firm answer today as to what categories exist, what categories are being searched, or when defendants will provide a final position.

Defendants' position is that they will not stipulate to a limited extension of discovery through May 1, 2026.

Also, to be clear, the unidentified officer is not Officer Howe. One of the relevant views is from Howe's own body-worn camera, so Howe cannot be the unidentified officer shown in that footage.

I also received defendants' late responses to Plaintiff's October 1, 2025 Requests for Admission. Several clarification issues require immediate confirmation:

1. The document is captioned as the City's response, but the RFAs were directed to West, Lawrence, Lopez, Bush, Cason, and Jones. Please confirm whether this response is intended as the response of the City only, or whether counsel is also serving it on behalf of each of those individual defendants.

2. As to RFA No. 5, please identify by Bates number and file name the alleged Cason BWC defendants contend was produced.

3. As to RFA No. 6, please confirm whether defendants' position is that no Jones BWC was produced in this action.

4. As to RFA Nos. 7 and 8, please state clearly whether defendants' position is:
   (a) that no audit/export logs or hash values exist;
   (b) that such materials exist but are not being produced; or
   (c) that defendants have not yet completed a reasonable inquiry.

5. As to RFA No. 11, please identify the officer whom defendants contend loosened Plaintiff's cuffs, and identify the footage or other record on which defendants rely.

6. As to the October 1, 2025 interrogatory, please identify by date the specific verified interrogatory response defendants contend answered it.

## EMAIL 1 – FEBRUARY 24, 2026

### Subject: Supplemental Identification Request – Additional BWC Evidence

From: nihal michael gautam <nihalg5555@gmail.com>

To: Scott Alexander; Bill Mason

Date: Tuesday, February 24, 2026, 7:49 PM

Counsel,

Following our recent correspondence regarding the officers physically present at or adjacent to the scene of Plaintiff's March 6, 2025 arrest, Plaintiff has conducted a further review of the body-worn camera footage produced in discovery.

11

Based on that review, Plaintiff has identified multiple segments of footage depicting a uniformed Sunrise Police Department officer present on scene prior to the arrival of several disclosed officers, interacting with Plaintiff, approaching the reporting party, and coordinating or directing responding officers.

For purposes of clarity and to facilitate resolution without motion practice, Plaintiff attaches representative still images and clips reflecting:

- The arrival of this individual in a marked patrol vehicle;
- Interaction with Plaintiff and Plaintiff's dogs;
- Movement toward and interaction with the reporting party;
- Apparent coordination and direction of Officers Bush, Lawrence, and Jones;
- Statements by Officers Howe and Lopez referencing that four officers had gone to the door upon Sgt. West's arrival.

These materials appear to reflect a Sunrise Police Department officer whose presence has not been identified in Defendants' discovery responses to date.

In light of Defendants' prior representation that the disclosed list of officers is complete and that Defendants are unable to identify the individual reflected in the footage, Plaintiff requests that Defendants review the attached materials and advise whether they are now able to:

- Identify this individual;
- Confirm whether this individual was assigned a body-worn camera and whether any footage exists;
- Confirm whether this individual prepared or contributed to any report, CAD entry, or related documentation;
- Supplement Defendants' response to Interrogatory No. 2 if appropriate.

Plaintiff remains willing to meet and confer to resolve this issue efficiently and in good faith. However, if supplementation is not forthcoming, Plaintiff will seek appropriate relief from the Court.

Please confirm receipt.

Respectfully,

Nihal Michael Gautam

Plaintiff, Pro Se

Case No. 0:25-cv-60841-JMS

[Visible attachments in the provided email view included: howe pov of unknown officer interacting on scene.mp4; howe telling west 4 officers went.mp4; unidentified arriving howe

12

pov.mp4; unknown officer arrival lopez pov.mp4; vlc-record-2026-02-24-19h40m34s-lawerence arrival.mp4-.mp4; lopez pov of unknown officer coordinating.mp4; plus other attachments shown in Gmail as part of a 14-attachment email.]

[No response is reflected in the email chain provided for this February 24, 2026 message.]

## EMAIL 2 – MARCH 18, 2026

**Subject: Conferral re supplementation, officer identification, Howe deposition, and limited discovery extension**

From: nihal michael gautam <nihalg5555@gmail.com>

To: Scott Alexander

Date: Wednesday, March 18, 2026, 2:34 PM

Scott,

I am writing to confer in good faith regarding the remaining discovery issues before the April 1, 2026 discovery cutoff.

Please confirm by Thursday, March 19, 2026 at 12:00 PM EDT whether Defendants will:

- Serve a supplemental response to Interrogatory No. 2 identifying all officers physically present and their roles, including correction of any materially inaccurate prior response;

- Identify the officer visible on the produced BWC footage whose identity remains unresolved;

- Confirm whether Defendants will produce Officer Rachel Howe for deposition and provide available dates; and

- Stipulate to a limited extension of the discovery cutoff to May 1, 2026, limited to the specific discovery categories already identified: BWC native files/metadata/audit logs, CAD audit trail, RMS audit logs, AVL/GPS/station surveillance, and the limited witness examinations that depend on those productions.

My position is that the existing officer-identification response remains materially incomplete or incorrect and requires timely supplementation. I am available to confer by telephone today and tomorrow. Please provide times you are available for a call.

If Defendants will not agree, please state specifically which of the above items Defendants refuse and the basis for that refusal.

Regards,

Nihal Michael Gautam

Plaintiff, Pro Se

## EMAIL 3 – MARCH 19, 2026 (DEFENSE WRITTEN RESPONSE)

From: Scott Alexander

To: nihal michael gautam

Date: Thursday, March 19, 2026, 8:10 AM

On Wed, Mar. 18, 2026, nihal michael gautam wrote regarding supplementation, officer identification, Howe deposition, and a limited discovery extension.

- We have already told you who was present. There's nothing to supplement.

- We don't know. It appears to be female, Howe.

- I will ask her to appear without a subpoena. She is not a party and is not in Sunrise management so the law does not require me to produce her without being served, but I will make a request and let her decide.

- No chance. Nothing being sought has any bearing on the issues in your case.

Scott D. Alexander

Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.

### EMAIL 4 – MARCH 19, 2026 (CALL SCHEDULING)

From: nihal michael gautam <nihalg5555@gmail.com>

To: Scott Alexander

Date: Thursday, March 19, 2026, 8:22 AM

Scott,

Please provide times you are available to confer by telephone today or tomorrow pursuant to Judge Strauss's procedures.

From: Scott Alexander

To: nihal michael gautam

Date: Thursday, March 19, 2026, 8:40 AM

3pm today

From: nihal michael gautam <nihalg5555@gmail.com>

To: Scott Alexander

Date: Thursday, March 19, 2026, 9:07 AM

Okay, ill call you at 3.

### EMAIL 5 – MARCH 19, 2026 (MEMORIALIZATION OF TELEPHONE CONFERRAL AND RFA CLARIFICATION REQUEST)

14

**Subject: Memorialization of March 19 conferral and clarification of October 1 discovery responses**

From: nihal michael gautam <nihalg5555@gmail.com>

To: Scott Alexander; Bill Mason

Date: Thursday, March 19, 2026, 12:39 PM

Scott,

Thank you for speaking with me today. This email memorializes defendants' positions as I understood them during our March 19, 2026 telephone conferral and seeks clarification regarding defendants' late responses to Plaintiff's October 1, 2025 Requests for Admission. If I have misstated anything, please correct it promptly.

Defendants' position is that there will be no further supplementation of the officer-identification / officer-role responses beyond CAD, BWC, and the responses already served.

Defendants' position is that none of defendants can identify the unresolved officer visible on the produced footage after the inquiry performed to date.

As to Officer Rachel Howe, you stated that you would ask whether she will appear voluntarily for deposition, but defendants take the position that they are not required to produce her without subpoena.

Defendants' position is that there will be no further supplementation reconciling the approval / report chain issues involving Negron, Aja, and Cason.

Defendants' position is that there is nothing further to add regarding Jones beyond the position already stated.

As to BWC metadata / source-record issues, you stated that you would email the appropriate person to ask about metadata, but you did not provide a firm answer today as to what categories exist, what categories are being searched, or when defendants will provide a final position.

Defendants' position is that they will not stipulate to a limited extension of discovery through May 1, 2026.

Also, to be clear, the unidentified officer is not Officer Howe. One of the relevant views is from Howe's own body-worn camera, so Howe cannot be the unidentified officer shown in that footage.

I also received defendants' late responses to Plaintiff's October 1, 2025 Requests for Admission. Several clarification issues require immediate confirmation:

- The document is captioned as the City's response, but the RFAs were directed to West, Lawrence, Lopez, Bush, Cason, and Jones. Please confirm whether this response is intended as the response of the City only, or whether counsel is also serving it on behalf of each of those individual defendants.

15

- As to RFA No. 5, please identify by Bates number and file name the alleged Cason BWC defendants contend was produced.

- As to RFA No. 6, please confirm whether defendants' position is that no Jones BWC was produced in this action.

- As to RFA Nos. 7 and 8, please state clearly whether defendants' position is: (a) that no audit/export logs or hash values exist; (b) that such materials exist but are not being produced; or (c) that defendants have not yet completed a reasonable inquiry.

- As to RFA No. 11, please identify the officer whom defendants contend loosened Plaintiff's cuffs, and identify the footage or other record on which defendants rely.

- As to the October 1, 2025 interrogatory, please identify by date the specific verified interrogatory response defendants contend answered it.

Plaintiff preserves the position that these RFA responses are late and that no timely response was served.

Please also provide hearing-date availability for a discovery hearing next week.

Unless corrected, I will proceed on the basis that the above accurately reflects defendants' final conferral positions.

Regards,

Nihal Michael Gautam

Plaintiff, Pro Se

[No corrective response is reflected in the email chain provided for this March 19, 2026 memorialization email.]

Dated: March 25, 2026

*Respectfully submitted,*


/s/ Nihal Michael Gautam

NIHAL MICHAEL GAUTAM

Plaintiff, Pro Se

840 SW 6th Street

Hallandale, FL 33009

954-489-8883

nihalg5555@gmail.com

admin@sunnybenefits.me

16

## CERTIFICATE OF SERVICE

I certify that on March 25, 2026, a true and correct copy of the foregoing was served on counsel of record by the same method used for Plaintiff's other filings in this action.

17

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
*Case No. 0:25-cv-60841-JMS*

| NIHAL MICHAEL GAUTAM, | CITY OF SUNRISE, et al., |
|---|---|
| | |
| Plaintiff, | Defendants. |
| | |

# SUPPLEMENTAL AXON AUDIT FINDINGS

*(March 5, 2026 Audit-Trail Production)*

This exhibit summarizes targeted findings from the March 5, 2026 Axon user-audit-trail production generated by Eric Goldstein. It is offered as a supplemental source-record summary, not as a merits brief. The purpose of this exhibit is to identify a limited set of audit-trail findings that bear directly on record completeness, officer identification, chronology, and the existence of additional source-record categories that remain unproduced.

The findings below are intentionally narrowed to the strongest and most court-usable points: (1) pre-incident and early-incident activity reflected in unlinked or selectively linked body-worn-camera records; (2) the selective linking and concealment pattern associated with Officer Bradford Jones; (3) post-arrest evidence-management activity occurring while Plaintiff was already in custody; and (4) the omission of audit pulls for key officers whose cameras or supervisory roles are central to the incident chronology.

**Summary of Key Findings**

| Category | Key Finding | Why It Matters |
|---|---|---|
| Pre-incident activity | Jones generated an unlinked 2:13 AM video, and multiple officers who later participated in the arrest appear across earlier overnight calls. | Supports the need for underlying CAD/source records and bears on whether officers were already positioned in the area before the domestic call. |
| Selective linking | Jones's 2:26 AM arrival video was not linked to incident 013074, while Lawrence's | Shows that incident search results may not reflect the full body-camera record and that |

| | same-time video was linked. | initial-contact footage may be excluded from ordinary incident retrieval. |
|---|---|---|
| Post-arrest evidence handling | Bush and Lawrence engaged in concentrated evidence-management activity between roughly 3:14 AM and 3:42 AM, after Plaintiff had been cuffed and removed. | Supports Plaintiff's request for full audit records, upload/export/access logs, and clarification of how the event narrative was assembled. |
| Missing audit pulls | Audit trails were not pulled for Howe, Negron, or Aja, despite their direct relevance to early chronology, officer identity, and supervisory approval. | Shows that the March 5 audit production was incomplete as to key officers and cannot be treated as the full source-record universe. |

## I. PRE-INCIDENT AND EARLY-INCIDENT ACTIVITY

- **Earlier overnight activity involving later arresting officers.** The audit trails reflect officer activity before the domestic incident, including earlier suspicious-vehicle and suspicious-person calls involving officers who later participated in Plaintiff's arrest. As a narrow point, the production tends to show that the same officer cluster was active together before the domestic call and that the corresponding underlying CAD/source records for those precursor events have not been produced.

- **Jones's unlinked 2:13 AM body-camera video.** At approximately 2:13 AM, Jones generated a body-camera upload with no incident link and no corresponding Lawrence video. That matters because it creates a discrete pre-arrival time window in which Jones recorded video outside the later incident linkage structure. The existence of an unlinked pre-incident recording supports Plaintiff's request for complete source records and for clarification of what footage existed before the formally linked domestic sequence.

- **Medical-choking call immediately before the domestic sequence.** The audit trails also place Lawrence and Bush together on the separate 2:18-2:19 AM medical-choking call just before the domestic incident. This point is not offered to collapse the incidents together; it is offered to show officer positioning and sequence immediately before the domestic response.

## II. JONES BODY-CAMERA LINKING AND SUPPRESSION PATTERN

- **Initial arrival video excluded from incident linkage.** Jones's 2:26 AM video was left in a generic, unlinked bucket, while Lawrence's same-time video was linked to incident 013074 Same approximate time, same scene, different linkage treatment. That is a concrete reason the Court should not assume the incident-linked export fully captures the earliest body-camera record.

- **Selective mid-scene linking.** The production reflects that Jones's later 2:32 AM, 2:45 AM, and 3:00 AM videos were linked to the incident, while the earlier arrival-related footage was

not. The pattern is therefore not random non-linking across all files; it is selective in a way that disproportionately affects the earliest and most important segment.

- **Post-arrest Jones solo recordings.** Jones also had later solo uploads around 5:09 AM and 5:39 AM without corresponding Lawrence videos. Those recordings fall within the broader report-writing / post-arrest window and further support Plaintiff's position that the produced incident package is incomplete.

- **Jones's role remains material despite CAD omission.** Jones was not listed on CAD for the domestic incident, his body-camera footage was not provided in criminal discovery, and defense later justified his presence through Field Training Officer status rather than CAD. The March 5 audit-trail production strengthens the inconsistency already identified in written discovery: Jones was operationally involved, yet his presence and footage were not treated consistently with the rest of the incident record.

### III. POST-ARREST EVIDENCE-MANAGEMENT ACTIVITY

- **Lawrence login and civilian-audio solicitation.** The audit production shows Lawrence logging into Axon during the active-scene window and later creating an Axon Community Request invitation described as 'AUDIO' for the domestic incident. It also shows a citizen audio file titled 'New Recording 3.m4a' being added later that morning. These categories of source material are significant because they demonstrate that additional incident-related media existed beyond the standard body-camera exports.

- **Bush evidence-management activity between about 3:21 AM and 3:42 AM.** The production reflects concentrated evidence handling by Bush during that window, including photo uploads, retention-category actions, preserve actions, and related evidence-management steps. The significance of this point is timing: these actions occurred after Plaintiff had already been cuffed and removed from the immediate scene, yet while the event record was still being assembled.

- **Photo timestamps and retention actions.** The injury-photo timestamps and later upload/preservation sequence show that evidence-handling chronology cannot be inferred reliably from a single arrest time field alone. The audit-trail timing supports Plaintiff's request for the underlying audit and source records needed to test the chronology used in the reports and incident package.

### IV. OMITTED AUDITS FOR KEY OFFICERS

- **Officer Howe.** Howe's camera is among the most important early-incident cameras because it captured continuous footage and bears directly on the arrival chronology. Yet Howe's audit trail was not pulled as part of the March 5 production. That omission matters because the Court cannot determine whether Howe had unlinked uploads, earlier recordings, or other audit activity relevant to the disputed timeline.

- **Officer Negron.** Negron appears in the paperwork/discovery landscape but without a matching produced body-camera record that resolves the identification issue. The absence of

any audit pull for Negron leaves unresolved whether additional Axon activity exists for that officer on the date of incident.

- **Sergeant Aja.** Aja was identified in one discovery version as a supervisory approver, and the approval chain later shifted. The omission of any audit pull for Aja leaves a gap in the source-record inquiry surrounding supervisory review or evidence access.

## V. LIMITED CONCLUSION

- **Why this matters for discovery.** Standing alone, this exhibit does not resolve the case. It does, however, confirm that the March 5 audit production surfaced additional source-record categories, selective linkage issues, incomplete officer-audit coverage, and post-arrest evidence activity that reasonably justify Plaintiff's request for targeted supplementation and limited follow-up discovery.

- **Remaining categories implicated by the March 5 production.** The production indicates the likely existence, or at minimum the relevance, of additional body-camera audit details, incident-linkage records, CAD/source records for precursor calls, Axon upload/access history, civilian-submitted media, and omitted audit pulls for key officers.

*Prepared from the March 5, 2026 Axon user-audit-trail production for use as a supplemental exhibit.*

Page 4